## Commonwealth *v.* Craft, Appellant.

Argued January 11, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*David H. Kubert,* with him *Richard D. Atkins,* for appellant.

*Maxine J. Stotland,* Assistant District Attorney, with her *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, March 26, 1974:

The appellant, Samuel Craft, was convicted by a jury on January 20, 1970, of second degree murder. Post-trial motions were denied and the appellant was sentenced to a term of four to eleven years imprisonment. This appeal followed in which we affirm the judgment of sentence.

The prosecution of the appellant resulted from the fatal stabbing on December 17, 1965, of Richard Gilliam, in a restaurant in Philadelphia, following an argument between the appellant and the victim. The appellant did not deny the altercation with the victim but claimed no stabbing had occurred while he, the appellant, was at the restaurant. Later that evening, the appellant learned that the police were looking for him in connection with the stabbing. He was not apprehended, however, and several months later, on February 23, 1966, the appellant, who knew that a warrant had been issued for his arrest, fled to Los Angeles, California. He was apprehended in California in September of 1968, and extradited to Pennsylvania on November 13, 1968.

First, the appellant contends that prejudicial error occurred when two prosecution witnesses made reference in their testimony to photographs. The jury, according to the appellant, could have inferred from these references that the appellant had a prior criminal record.

Three references to photographs occurred. Two of these references occurred when defense counsel was cross-examining a prosecution witness who was a friend of the victim and was present at the time of the stabbing. Defense counsel was attempting to impeach the witness by establishing that on the day following the stabbing, the witness had given the police a description of the assailant which did not fit the appellant. Defense counsel asked the following question which resulted in the first reference to photographs: "Q. Now, did you give a description of the man that you said did the stabbing at the time that you spoke to the police, at the time you made your statement? A. At the time I made the statement, *I was shown three photographs* in which I do believe I picked out your client's picture." (Emphasis added.)

Appellant's objection to the witness's response was overruled. Defense counsel then continued his questioning of the witness: "Q. Now, do you remember when you were asked back on December 18, 1965, question: What was the description of the man that did the stabbing? Answer: He was about twenty-eight or twenty-nine years old; six foot one; one hundred ninety pounds; brown skin and had a mustache. Do you remember that? A. I don't remember the description that was given, *but I picked out the picture.*" (Emphasis added.)

The third reference to photographs occurred during the testimony of a later prosecution witness, a waitress, who was also present at the restaurant the night of the stabbing. During direct examination, the prosecutor asked the following question and the witness referred to photos in her answer: "Q. When you say the defendant looks like the man, what do you mean? A. Well, the man in the restaurant, he wasn't tall or nothing. He had a heavy mustache, but it was cold. He had on a hat and an overcoat and after everything happened, like *they took me down to look at different photos.* Well, he had a heavy mustache and, you know, I just say he resembled him at that time. I really couldn't tell you." (Emphasis added.)

In *Commonwealth v. Allen,* 448 Pa. 177, 292 A. 2d 373 (1972), we explicitly rejected the suggestion that any reference to a defendant's photograph is so prejudicial that an inflexible rule of reversal must apply. Rather, we said that the controlling question is "whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity." *Id.* at 181, 292 A. 2d at 375.

The above three references were the only mention during the entire trial of photographs. They were passing references which were not pursued by either counsel as the questioning of the witnesses continued. No mention of the photographs was made in closing argu-

ments or in the charge to the jury. The first witness only said that he "was shown three photographs." They were never referred to as mug shots or photographs from police files. *See Commonwealth v. Smith*, 454 Pa. 515, 314 A. 2d 224 (1973) (filed November 26, 1973). The second witness said that she looked at different photos, but did not even say that any of the photos were of the appellant. It is not clear from the witness's testimony whether she had even been shown a photograph of the appellant, or whether she had identified any of the photos as that of the assailant. The lack of clarity in the witness's passing ambiguous reference to photos, could have led the jury to conclude that the witness did not identify the appellant from any of the photos. Such an inference could have been strengthened by the prosecution's failure to ask further questions to clear up the witness's answer. Under the circumstances, we cannot conclude that the jury could reasonably have inferred that the appellant had engaged in prior criminal activity.

Appellant next contends that the trial court improperly allowed the prosecution to cross-examine the appellant about his prior criminal record in violation of the Act of March 15, 1911, P. L. 20, §1, 19 P.S. §711. Under that Act, however, cross-examination of a defendant concerning a prior criminal record is proper, when evidence is given by the defense tending to prove the defendant's good character or reputation. In this case, the appellant, during his direct examination, testified that he fled to California because he had once spent fifteen or sixteen months in prison, awaiting trial, for a crime he did not commit, and for which he was later found not guilty. He also testified on direct that he had been convicted in 1963 of larceny and receiving stolen goods and received a sentence of two years probation.

During cross-examination, the appellant admitted other convictions in response to questions by the prosecution. The prosecution's inquiry about other convictions, according to the appellant, should not have been permitted. Appellant relies on *Commonwealth v. Barron,* 438 Pa. 259, 264 A. 2d 710 (1970). In *Barron,* we held that a defendant's admission, during direct examination, that he was on parole for another criminal conviction at the time the offenses in question were committed, did not open the door for cross-examination about the defendant's prior criminal record. The appellant argues in this case that his testimony on direct examination concerning the time he spent in prison, awaiting trial, for a crime he did not commit, and for which he was later found not guilty, did not open the door for the prosecution to inquire about the appellant's prior criminal record. The appellant might be correct if his testimony on direct examination had been limited to his explanation of his flight to California. The appellant's testimony, however, on direct examination went further. In direct response to a question by his counsel, appellant admitted that he pleaded guilty to larceny and receiving stolen goods in 1963 and received a sentence of two years probation. Under the circumstances, there was no error. *Commonwealth v. Quaranta,* 295 Pa. 264, 145 A. 89 (1928).

Other questions have been raised including (1) whether the trial judge acted improperly during the trial and (2) whether the charge to the jury was proper. We have examined the record and find no error in either the trial judge's conduct during the trial or in the charge to the jury.

Judgment of sentence affirmed.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS AND MR. JUSTICE NIX:

We dissent believing that the Commonwealth should not have been permitted on cross-examination to elicit

622

evidence of unrelated prior convictions. We do not believe, as the majority suggests, that the record supports its assumption that reference to appellant's 1963 plea of guilty was introduced in order to establish his good character.

Appellant's testimony was specifically directed to a single event.[1] Nevertheless, the cross-examination was plainly beyond the scope of direct examination. Appellant's rights under the Act of March 15, 1911, P.L. 20, § 1, 19 P.S. § 711 (1964) were violated. The trial court should have sustained counsel's timely objection to this improper cross-examination. For this reason we believe appellant is entitled to the award of a new trial.

[1] On direct examination by defense counsel, the following transpired: "Q. Sam, back in 1963, were you found guilty of larceny and receiving stolen goods and given two years probation? A. I wasn't found guilty. I pleaded guilty. Q. And did you get probation? A. Yes, I did."