390 A.2d 847

**COMMONWEALTH of Pennsylvania**

**v.**

**Floyd WILSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided July 12, 1978.

Hoffman and Spaeth, JJ., dissented, citing authority.

Robert F. Pappano, Assistant Public Defender, Chester, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

## OPINION

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Delaware County, Criminal Division, by the defendant-appellant, Floyd Wilson, after conviction of robbery and related offenses; and from the denial of post-trial motions.

The facts are as follows: At approximately 8:45 p. m., on March 19, 1975, the defendant entered the pharmacy owned by the victim and asked for a pack of cigarettes. He then

produced a .38 caliber revolver and demanded the victim's money. The defendant then struck the victim, the owner of the pharmacy, with the revolver, took a sum of money from the cash register, and, along with another person who had entered, the store, forced the victim into a closet, ripped out the telephone and left. The above facts were testified to by the victim, Bernard Gordon, who was the Commonwealth's only witness. The defendant testified in his own behalf and denied any participation in the robbery.

The defendant was seventeen at the time of the incident and was charged in a juvenile petition which was certified to the adult court on June 12, 1975. He was indicted for robbery, aggravated assault, recklessly endangering another, commission of a crime with a firearm and conspiracy. Trial was commenced on March 19, 1976 before Judge Diggins of the court below. During the trial reference was made by a witness to certain "mug shots" of the defendants. Motions were made for a mistrial on behalf of the defendant and co-defendant. However, after conference in chambers, the co-defendant pressed his motion but the defendant expressed a desire to proceed to trial with the impanelled jury. The trial judge granted the co-defendant's motion for a mistrial and when the defendant withdrew his motion for a mistrial, granted, it sua sponte for reasons of manifest necessity.

On April 19, 1976, the defendant filed an application to dismiss under Rule 1100 of Pennsylvania Rules of Criminal Procedure and the next day filed a Writ of Habeas Corpus which were both heard on May 16, 1976 and dismissed.

The defendant has raised only one issue in his appeal, as follows: "Did the declaration of a mistrial sua sponte by the lower court violate appellant's Fifth Amendment right of not being twice placed in jeopardy?

Rule 1118(b) of Pennsylvania Rules of Criminal Procedure states as follows:

"(b) When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motions shall be made when the event is disclosed.

Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity."

There seems to be no hard and fast rule for the determination of manifest necessity or for the determination of circumstances necessary for the exercise of the inherent power of the court to grant a mistrial, sua sponte. *Commonwealth v. Stewart*, 456 Pa. 447, 317 A.2d 616 (1974); *Commonwealth v. Heckathorne*, 256 Pa.Super. 436, 389 A.2d 1202 (1978).

The issue is clearly whether the circumstances in this case and the grant of a mistrial under the obviously questionable circumstances and events created a situation of manifest necessity? In the landmark decision of *U. S. v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824), the Supreme Court stated:

"We think, that in all cases of this nature, the law has invested Courts of Justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, Courts should be extremely careful, how they interfere with any of the chances of life, in favor of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office." *Id.* at 580.

The *Perez* doctrine has been applied in numerous cases. See *U. S. v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *Gori v. U. S.*, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961); *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977); *Commonwealth v. Stewart, supra; Common-*

*wealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972). In *Bolden, supra,* the Pennsylvania Supreme Court again upheld the rule that a defendant may be retried following a mistrial declared sua sponte for manifest necessity.

In *Gori, supra,* the Supreme Court emphasized the great extent of the trial court's discretion in cases of this sort when it upheld, over a double jeopardy claim, a mistrial where the trial judge acted in the sole interest of the defendant.

"Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment." *Id.* 367 U.S. at 368, 81 S.Ct. at 1526.

It should be pointed out that in the instant case the defendant did in fact move for a mistrial and then withdrew it. It placed the court in the peculiar position of realizing that the defendant would await the verdict and if convicted seek a new trial on the obviously improper "mug shot" evidence that went to the jury, or if the court granted a mistrial, sua sponte, against the wishes of the defendant, he would then raise the double jeopardy issue. This is exactly what happened.

We agree with the court below that the circumstances of this case created the manifest necessity required by the rule, supra, and that it was done to protect the defendant from the "mug shot" evidence. *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972). His reluctance to be so protected was motivated by trial strategy to assure a new trial in the event of conviction. The action of the court below "was insuring that appellant would receive a trial by a fair and impartial jury which would return a verdict based solely on the evidence adduced at trial. This is an interest which is to be protected not only for defendants, but also for the public, which has a compelling interest in justice for all." *Common-*

*wealth v. Stewart, supra,* 456 Pa. page 453, 317 A.2d page 619.

Judgment of sentence affirmed.

HOFFMAN and SPAETH, JJ., dissent: *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972) (retrial barred after court declared mistrial *sua sponte* because jurors overheard assistant district attorney say, "Is the man with the records here?").