406 A.2d 1149

COMMONWEALTH of Pennsylvania

v.

**Samuel DICKERSON, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1979.

Decided June 29, 1979.

William A. George, Media, for appellant.

D. Michael Emuryan, Deputy District Attorney, Media, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Samuel Dickerson appeals from the judgments of sentence imposed following his conviction by a jury in Delaware of voluntary manslaughter, attempted robbery and related crimes.

The factual background is this: Thomas Kane and Thomas McGonigal traveled from Wilmington, Delaware, to Chester, Pennsylvania, to purchase drugs. They met one Reginald Lewis, who introduced them to the appellant, Dickerson. The four traveled in Kane's automobile to a housing project where Dickerson pulled a gun and attempted to rob Kane of his money. Kane resisted and was fatally shot. The next day McGonigal identified Dickerson and Lewis from police photographs and an arrest followed.

At trial, during direct examination of an investigating police officer who testified for the Commonwealth, the assistant district attorney elicited, over objection, that the day of the crimes, May 21, 1975, the officer took McGonigal to the police station in Chester to look at some photographs; that McGonigal looked at "several hundred photographs" that day, but did not identify anyone; that the next day McGonigal returned to the police station, was shown an additional 24 photographs, and picked out two photographs, one of Dickerson and the other of Lewis. A motion for a mistrial by defense counsel was overruled.

In *Commonwealth v. Allen*, 448 Pa. 177, 182, 292 A.2d 373, 375 (1972), the Supreme Court stated:

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania and Judge WARREN K. HESS of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

"[T]here is no justification for indirectly allowing the introduction of prior criminal activity by reference to photographs of the accused. Once it is determined that a jury could reasonably conclude from the photographic reference prior criminal activity on the part of the defendant prejudicial error has been committed."

This case presents such a situation.

The Commonwealth argues that, since the trial testimony did not establish the photographs shown McGonigal were police "mug shots" and since there was "no reference that the photographs originated in police files," no basis for the jury to conclude prior criminal activity on the part of Dickerson is present. This position is totally unrealistic.

The exhibition, as the jury was told, took place in the police station within a short period of time after the crimes and included "several hundred photographs." There was no explanation how the photographs came into the possession of the police. In view of these circumstances, one would be quite naive to believe the jury could not reasonably infer the photographs were "mug shots." Since Dickerson's photograph was included in the group, the answer to any conversant person would be quite obvious.

Judgments reversed and new trial granted.