447 A.2d 259

**COMMONWEALTH of Pennsylvania**

v.

**Keith REISS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 1981.

Filed Feb. 26, 1982.

Reargument Denied July 19, 1982.

Petition for Allowance of Appeal Granted Nov. 5, 1982.

Carol K. McGinley, Assistant Public Defender, Allentown, for appellant.

William Platt, District Attorney, Allentown, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in: granting the Commonwealth's petition for an extension of time for the commencement of trial under Pa.R.Crim.P. 1100(c); and, alternatively, admitting evidence of a photographic identification by a Commonwealth witness. For the reasons that follow, we reverse and remand for a new trial.

## I

Appellant was arrested on June 29, 1978, pursuant to a complaint filed on June 27, 1978. Consequently, under rule 1100(a), appellant's trial should have commenced on or before December 26, 1978.[1] Following three brief defense-requested continuances and a preliminary hearing, appellant was held for trial. On October 3, 1978, the Commonwealth filed an information charging appellant with robbery, simple assault, theft by unlawful taking or disposition, receiving stolen property, felonious restraint, false imprisonment and two counts of kidnapping. Appellant was arraigned nine days later. On November 13, 1978, the scheduled trial date, appellant timely filed his omnibus pre-trial motion and notice of alibi defense. On November 15, 1978, the Commonwealth requested a continuance to investigate appellant's alibi defense, which, apparently, rested upon two witnesses from Arkansas. Citing appellant's continuances and the need to investigate his alibi defense, the Commonwealth petitioned on November 20, 1978 for an extension of time under rule 1100(c). Following a hearing on January 18, 1979, the lower court granted the Commonwealth's petition and the case proceeded immediately to trial. A jury found appellant guilty of robbery, simple assault, theft by unlaw-

1. The 180 day period expired on Sunday, December 24, 1978. In computing time, "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from computation." 1 Pa.C.S.A. § 1908; Pa.R. Crim.P. 2.

ful taking and felonious restraint. Following the denial of post-verdict motions and imposition of sentence, appellant took this appeal.

Appellant contends that the lower court erred in granting the Commonwealth's petition for an extension of time to commence his trial. We disagree. "A court may grant the Commonwealth an extension of time for trial if it finds that 'trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.' Pa.R. Crim.P. 1100(c)." *Commonwealth v. Miller*, 270 Pa.Superior Ct. 178, 182, 411 A.2d 238, 240 (1979). Moreover, it must be established "that trial is scheduled for the earliest date consistent with the court's business." *Commonwealth v. Mayfield*, 469 Pa. 214, 222, 364 A.2d 1345, 1349 (1976). The Commonwealth has the burden of proving by a preponderance of the evidence that these two requirements have been satisfied. *Commonwealth v. Ehredt*, 485 Pa. 191, 194, 401 A.2d 358, 360 (1979). "In reviewing a determination that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Hill*, 290 Pa.Superior Ct. 399, 401, 434 A.2d 813, 814 (1981). Read in this light, the record reveals that the Commonwealth was forced to reschedule appellant's preliminary hearing three times because of his inability to secure counsel. Although those defense-requested continuances are not excludable under rule 1100(d), they may be considered in determining whether the Commonwealth has been duly diligent in bringing appellant to trial. *Commonwealth v. Brant*, 272 Pa.Superior Ct. 135, 140, 414 A.2d 707, 709 (1979); *Commonwealth v. Mancuso*, 247 Pa.Superior Ct. 245, 253–54, 372 A.2d 444, 448 (1977). Appellant's trial was scheduled to commence on November 13, 1978, well within the prescribed period. On that day however, appellant filed notice of an alibi defense, listing his two witnesses as residents of Little Rock, Arkansas. The Commonwealth promptly requested a continuance and subsequently petitioned for an extension of time to

commence trial in order to investigate appellant's alibi. Because there were no more criminal trial sessions scheduled for the remainder of the year, the lower court rescheduled the case for the January trial session.  We are satisfied that the record adequately shows that the Commonwealth was duly diligent in bringing appellant to trial.  The initial delays were caused by appellant's requests for continuance. The Commonwealth's subsequent requests for continuance and extension of time to investigate appellant's alibi defense were certainly reasonable considering the time the Commonwealth first learned of it, the location of the witnesses in Little Rock, Arkansas, and the lack of criminal trial sessions the remainder of the year.  We are also satisfied that the lower court scheduled the case for the next criminal trial session.  Consequently, the lower court did not err in granting the Commonwealth an extension of time for commencement of appellant's trial.[2]

## II

At trial, the Commonwealth elicited evidence concerning a photographic identification of appellant.  The following exchange took place between the prosecutor and the victim:

Q. Now on that same date, the date of the incident, were you with Investigator Haller back at the police headquarters?

A. Yes.

Q. And was anyone with you from your family when you were with Investigator Haller?

A. My parents.

Q. And did you, did Investigatory Haller show you a packet of photographs?

A. Yes.

---

2. Because we hold that the Commonwealth had been duly diligent, we need not determine whether appellant waived any rule 1100 objection by acquiescing in the granting of the continuance beyond the prescribed period.  See *Commonwealth v. Favors*, 273 Pa.Superior Ct. 109, 416 A.2d 1113 (1979).

Q. And, from those photographs, did you select any one photograph?

. . . . .

Q. Whose picture did you pick out of the packet?

A. Keith Reiss.

(N.T. January 18, 1979 at 11–12). Similarly, the following exchange occurred between the prosecutor and the investigating officer:

Q. Now on the date of the incident, that being April 23rd, did you show [the victim] some photographs?

A. Yes I did.

Q. How many photographs did you show him?

A. I showed him two packets of photographs. Fifty per pack.

Q. Approximately one hundred photographs?

A. Yes sir.

Q. Did he pick out any photographs of the person being responsible for the robbery?

A. Yes.

Q. Whose photograph did he pick out?

A. Keith Reiss.

(N.T. January 18, 1979 at 68–69). Additionally, in summarizing the evidence to the jury during its charge, the lower court specifically referred to the testimony regarding the photographs. (N.T. January 22, 1979 at 15).

It is well settled that with limited exceptions not applicable here, "the prosecution may not introduce evidence of the defendant's prior criminal conduct as substantive evidence of his guilt of the present charge." *Commonwealth v. Allen*, 448 Pa. 177, 181, 292 A.2d 373, 375 (1972). "Once it is determined that a jury could reasonably conclude from the photographic reference prior criminal activity on the part of the defendant prejudicial error has been committed." *Id.*, 448 Pa. at 182, 292 A.2d at 375. Having reviewed the record, we must conclude that the jury could have inferred prior criminal activity on the part of appellant from the

disputed testimony and court's summation. Contrary to the assertions of the Commonwealth and the lower court, these were not merely passing references. *See, e.g., Commonwealth v. Craft*, 455 Pa. 616, 317 A.2d 213 (1974). On three separate occasions, the jury was informed of the display of photographs to the victim by Investigator Haller at the police station shortly after the incident took place. The victim was shown two packs of pictures, fifty per pack, and there was no explanation by the Commonwealth as to how these pictures came into the possession of the police. Under strikingly similar circumstances, this Court held "one would be quite naive to believe the jury could not reasonably infer the photographs were 'mug shots.'" *Commonwealth v. Dickerson*, 267 Pa.Superior Ct. 492, 494, 406 A.2d 1149, 1150 (1979).[3] Accordingly, we must reverse the lower court and grant appellant a new trial.[4]

Judgment of sentence reversed and case remanded for a new trial.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting.

The majority here holds that if during a trial three references are made to a photographic identification of the defendant he or she must be awarded a new trial. I respectfully disagree.

**3.** The dissent asserts that the instant case is controlled by our recent *en banc* decision in *Commonwealth v. Krasner*, 285 Pa.Superior Ct. 389, 427 A.2d 1169 (1981). In *Krasner*, the witness was shown six or seven pictures, by contrast, the witness here was shown two packets of fifty pictures each. Moreover, the jury was told that the identification took place "back at police headquarters." (N.T. January 18, 1979 at 11). Consequently, we conclude that this case is distinguishable from *Krasner* and, instead, is controlled by *Allen* and *Dickerson*.

**4.** Because of our disposition of this appeal and the unlikelihood of the Commonwealth's purported misconduct reoccurring at appellant's retrial, we do not express any opinion as to the merits of appellant's final contention. *Commonwealth v. Shomaker*, 293 Pa. Superior Ct. 78, 87 n.3, 437 A.2d 999, 1003 n.3 (1981).

*Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972) rejected a *per se* rule requiring a new trial whenever a photographic identification is mentioned before a jury. A reviewing court must instead look to the record to see if a jury was prejudiced against the defendant by such references. The question becomes whether a juror could reasonably infer that an accused had engaged in prior criminal conduct. *Commonwealth v. Craft,* 455 Pa. 616, 317 A.2d 213 (1974). I find that *Commonwealth v. Krasner,* 285 Pa.Superior Ct. 389, 427 A.2d 1169 (1981) (En Banc, with Dissenting Opinion by Spaeth, J., joined by Cercone, P. J., dissenting on other grounds) should control here.

In *Krasner,* the Commonwealth twice elicited testimony regarding such an identification. This Court noted that there was no indication that the pictures were mug shots or obtained from a police file. The Court held that except for the fact that they were displayed by a police officer the photographs did not link the defendant to any prior crime. The current appeal is very similar. Nor do I believe that a jury could reasonably infer prior criminal conduct from the fact that the identification occurred at a police station. *Contra, Commonwealth v. Dickerson,* 267 Pa.Superior Ct. 492, 406 A.2d 1149 (1979) (Three Judge Panel, Per Curiam). The only distinction between this case and *Krasner* is the lower court's mention of the photographic identification in its summation of the evidence. I do not believe that this third reference, by the court, requires a result contrary to the result in *Krasner. But see, Craft,* supra.

In the current appeal approximately 200 pages of testimony were taken over the two days and the court's charge to the jury consists of an additional thirty-one (31) pages. I fail to understand how these three brief references, out of almost 250 pages of notes taken, requires the grant of a new trial. See *Commonwealth v. Wilson,* 238 Pa.Superior Ct. 340, 357 A.2d 163 (1976). Accordingly, I would affirm the judgment of sentence.