468 A.2d 451

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Keith REISS, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 27, 1983.

Decided Dec. 8, 1983.

Reargument Denied June 8, 1984.

Richard Tomsho, Deputy Dist. Atty., for appellant.

Fredrick Charles, Public Defender, Edward R. Eidelman, Allentown, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

McDERMOTT, Justice.

This is an appeal from the order of the Superior Court, reversing an order of the Court of Common Pleas of Lehigh

County denying appellee's motion for a new trial.[1] After examination of appellant's claim, we reverse.

The salient facts are as follows:

On April 23, 1978 at approximately 7:00 P.M., the Thrifty Car Wash on West Union Boulevard, Bethlehem, Pennsylvania, was robbed of nearly five hundred ($500.00) dollars. On June 29, 1978, appellee, Keith Reiss, (hereinafter "defendant") was arrested and charged with robbery [2], simple assault [3], felonious restraint [4] and theft [5] pursuant to a complaint filed June 27, 1978. Defendant's trial commenced on January 18, 1979 before the Honorable Henry V. Scheirer, after which he was found guilty of all charges. Post trial motions were filed, argued and denied.

Appeal was taken to the Superior Court and in an order dated February 26, 1982, a three judge panel in a two to one decision, reversed and remanded. Appellant herein petitioned this court for allowance of appeal and we granted allocatur.

In this appeal a single issue is raised. Whether the trial judge correctly permitted testimony of the victim's photographic identification of the defendant. The Commonwealth's main witness at trial was Matthew Kleckner, the victim, who described the incident and identified defendant as the perpetrator of the crime. (Trial Transcript, hereinafter "T.T." pages 4–14 and 37–40, 1/18/79). It is the reference at trial to the pre-trial photographic identification

1. The Superior Court decision is reported at *Commonwealth v. Reiss,* 301 Pa.Super. 96, 447 A.2d 259 (1982).

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1, as amended, 18 Pa.C.S.A. § 3701.

3. Act of December 6, 1972, P.L. 1482, No. 334, § 1, as amended, 18 Pa.C.S.A. § 2701.

4. Act of December 6, 1972, P.L. 1482, No. 334, § 1, as amended, 18 Pa.C.S.A. § 2902.

5. Act of December 6, 1972, P.L. 1482, No. 334, § 1, as amended, 18 Pa.C.S.A. § 3921.

of defendant made by Kleckner, that is the basis of this appeal.

The first reference to defendant's photograph occurred during direct examination of the victim:

Q. Now on that same date, the date of the incident, were you with Investigator Haller back at police headquarters?

A. Yes.

Q. And was anyone with you from your family when you were with Investigator Haller?

A. My parents.

Q. And did you, did Investigator Haller show you a packet of photographs?

A. Yes.

Q. And from those photographs, did you select any one photograph (Counselor's objection at sidebar was denied, as was his motion for mistrial)

Q. Whose picture did you pick out of the packets?

A. Keith Reiss

T.T., pages 11–12. 1/18/79.

The second reference to the photographs was made on direct examination of the prosecuting police officer concerning his investigation:

Q. Now on the date of the incident, that being April 23rd, did you show Matthew Kleckner some photographs.

A. Yes I did.

Q. How many photographs did you show him?

A. I showed him two packets of photographs. Fifty per pack.

Q. Approximately one hundred photographs?

A. Yes sir.

Q. Did he pick out any photographs of the person being responsible for the robbery?

A. Yes.

Q. Whose photograph did he pick out?

A. Keith Reiss.

T.T., pages 68–69, 1/18/79. The third and final reference was made by the trial judge who stated in his jury charge concerning the testimony of the victim and the prosecuting police officer:

Eventually the witness was shown a number of photographs by Officer Haller and selected one of the defendant as the perpetrator of the crime.

T.T., page 15, 1/22/79.

He said he showed one hundred photographs to Kleckner, who picked out defendant from the package.

T.T., page 17, 1/22/79.

■ It is defendant's contention that the three references at trial to the photographs used to identify him as the perpetrator of the April 1978 robbery, constituted reversible error. Defendant further asserts that reference to these photographs caused the jury to infer that he had engaged in prior criminal activity and denied him his right to a presumption of innocence. This is an argument with which the Superior Court agreed. We do not.

■ Although it is well recognized in this Commonwealth that evidence of defendant's prior criminal charges may not be introduced at trial, it is equally well established that every testimonial reference at trial to a photographic identification of the accused is not per se prejudicial, necessitating a new trial. *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972). In making a determination as to what constitutes error when reference is made to photographs of the accused, the controlling question is:

Whether or nor a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. A mere passing reference to photographs from which a reasonable inference of prior criminal activity cannot properly be drawn does not invalidate the proceedings since there was no prejudice as a result of the reference ... "

*Ibid.*, 448 Pa. 181, 292 A.2d 373.

■ In the instant case we do not believe that the jury could have reasonably inferred prior criminal behavior on

the part of the defendant. Where there is no indication, as was true here, that the photographs were "mugshots" or that they came from police files, it is not error for a witness to testify that he identified a defendant from photographs shown to him by police. *Commonwealth v. Carlos*, 462 Pa. 262, 341 A.2d 71 (1975). Additionally, the photographs were never displayed, marked or referred to at trial. *See Commonwealth v. Smith*, 454 Pa. 515, 314 A.2d 224 (1973). The testimony involved in this case consisted of three references to photographs of the accused during two days of trial. This court has consistently held that passing reference to photographs of the accused, which are not pursued by either counsel as the questioning of the witness continues, does not constitute grounds for a new trial. *Commonwealth v. Craft*, 455 Pa. 616, 317 A.2d 213 (1974). *See also, Commonwealth v. Krasner*, 285 Pa.Super. 389, 427 A.2d 1169 (1981), (new trial was not mandated where the Commonwealth twice elicited witness testimony regarding photographic identification of defendant).

Defendant would have us believe that the fact that his picture was in the possession of the police, without any explanation as to how it was obtained, would cause the jury to infer prior criminal conduct. We disagree. The jury could easily have believed that the police had photographs of individuals who had no criminal records, for example, the jury could have inferred that the photographs came from a neutral source; or the jury may not even have questioned the source of the photographs. To hold that the jury drew the inference that defendant had engaged in prior criminal activity on these facts alone would be an unreasonable and unsubstantiated conclusion.

Defendant also asserts that because the jury was made aware that the victim was shown one hundred (100) photographs during the identification process, they would automatically assume the photographs were part of police files. The quantity of photographs shown a witness, while a

relevant concern, is only one of the many considerations which enter into determination of error. In conjunction with the factors cited above, we find no basis for concluding that the jury would infer prior criminal behavior on the part of the defendant, based on the number of photographs shown to the victim.

Accordingly, the decision of the Superior Court is reversed and the judgment of the Court of Common Pleas, Lehigh County, reinstated.

ZAPPALA, J., files a dissenting opinion in which ROBERTS, C.J., joins.

ZAPPALA, Justice, dissenting.

While I would agree that *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972), is the applicable precedent in this case, I must disagree with the majority's finding that under the *Allen* test, the jury in the instant case could not reasonably infer that the *Appellee* had engaged in prior criminal activity.

It would be somewhat ludicrous to conclude that from the repeated references to *packets of photographs* (containing *50 photos* each), that a witness was viewing a family album or some other innocuous material. The only reasonable inference that could be drawn from these facts is that the witness was viewing a photo array assembled by police investigators from "mug shots" on file in police headquarters, and from this it is axiomatic to assume that the person whose photos were being shown had at some time been involved in criminal activity.

I would therefore affirm the findings of the Superior Court.

ROBERTS, C.J., joins in this dissenting opinion.