546 A.2d 1236

**COMMONWEALTH of Pennsylvania**

v.

**Joyce EARLY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 16, 1988.

Filed Aug. 19, 1988.

Francis M. Socha, Harrisburg, for appellant.

Deborah S. Essis, Assistant District Attorney, Harrisburg, for Com., appellee.

Before OLSZEWSKI, WATKINS and CERCONE, JJ.

CERCONE, Judge:

This appeal is from the denial by the Court of Common Pleas of Dauphin County of appellant's petition for relief under the Post Conviction Hearing Act (PCHA), 42 Pa.C. S.A. § 9541 *et seq.* The lower court denied appellant's PCHA petition without a hearing on January 6, 1988.

On February 13, 1986, appellant was found guilty following a jury trial of a single count of robbery. Appellant did not file post-trial motions, and she was sentenced on March 12, 1986 to a term of imprisonment of not less than five nor more than ten years. The sentence imposed represented a mandatory minimum because of the visible possession of a firearm during the robbery. *See* 42 Pa.C.S.A. § 9712. Thus, a motion to modify sentence was not filed; nor was there an appeal therefrom.

The facts upon which this action arose were stated by the PCHA court below as follows:

On the morning of September 23, 1986, the Paxton Pub, located at 1619 Paxton Street in the City of Harrisburg, was robbed by a woman wielding a handgun. The victim, Karen Arnold, testified that she reported to work as a bartender at approximately quarter of eleven and saw a girl sitting at the bar. Mrs. Arnold was engaged in conversation with the girl about two minutes when the girl pulled out a gun and demanded all the money. One hundred and fifty dollars ($150) in paper currency was taken. Mrs. Arnold was able to recount a detailed physical description of the assailant (N.T. 11–12) and was able to select petitioner's photograph out of 16 different pictures (N.T. 14, 25). She identified petitioner, at the photo array and at trial, without hesitation. (N.T. 15, 25). The next Commonwealth witness, Gary Lanke, testified that he was the manager of the Paxton Pub on the day of the robbery. He indicated that a woman came in the bar and asked to use the restroom. She then ordered a draft beer from him at the bar across from the cash register. At this time, Mrs. Arnold reported for work and Mr. Lanke returned to the kitchen, where he remained until after the robbery. Mr. Lanke also identified petitioner at the photo array and at trial. (N.T. 20–21).

On appeal, appellant makes several allegations of ineffective assistance of counsel. She also contends that the lower court erred in not granting an evidentiary hearing on the

allegations of ineffectiveness contained in the PCHA petition. We will address each of appellant's arguments.

■ Appellant's first contention is that trial counsel was ineffective for failing to call a known alibi witness in her defense at trial. The lower court addressed this argument in its opinion and noted that the witness to whom appellant refers, Mary Bellamy, was subpoenaed as a witness, but failed to appear. In addition, the lower court observed that appellant had testified that she had talked to Mrs. Bellamy "about something to ten when I started talking to her and didn't finish talking until after ten...." The lower court reasoned that since the robbery did not occur until approximately eleven a.m., Mrs. Bellamy could not have testified as to appellant's whereabouts at the time of the robbery. Thus, the lower court found no ineffective assistance of counsel in the failure to call Mrs. Bellamy.

Appellant argues that the lower court's reasoning is erroneous because the times referred to in the proposed alibi notice and in the testimony of the Commonwealth witness are approximate times. In addition, Commonwealth witness Karen Arnold indicated that when she reported to work at approximately 10:45 a.m., she saw a woman whom she identified as appellant already at the bar. Thus, appellant contends, the testimony of Mrs. Bellamy would have been relevant to establishing her whereabouts at the time of the robbery.

We note first that claims of ineffectiveness of counsel are examined under a well-established standard.

When reviewing the effectiveness of counsel, we determine first whether the underlying claim has merit. If it does, we then ask whether counsel's handling of the matter had some reasonable basis designed to effectuate his client's interests. Counsel is not ineffective unless there was no reasonable basis for the action, and counsel may not be faulted for failing to take baseless or meritless action. Finally, a finding of ineffectiveness requires a showing that the course of action pursued by counsel was prejudicial to the defendant.

*Commonwealth v. Blagman,* 350 Pa.Super. 367, 371, 504 A.2d 883, 885 (1986) (citations omitted); *see also Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). Appellant carries the burden of proving his counsel's ineffectiveness. *Commonwealth v. Durah-el,* 344 Pa.Super. 511, 496 A.2d 1222 (1985).

Appellant cites *Commonwealth v. Polk,* 347 Pa.Super. 265, 500 A.2d 825 (1985), in support of her first allegation of ineffectiveness of trial counsel. In *Polk,* the court set forth the standard for determining the ineffectiveness of counsel for failure to call or investigate witnesses. Under that standard, appellant must show (1) the identity of the witnesses, (2) that counsel knew of the existence of the witnesses, (3) the material evidence that the witnesses would have provided, and (4) the manner in which the witnesses would have been helpful to his cause. *Id.,* 347 Pa.Superior Ct. at 273, 500 A.2d at 829.

In our opinion, appellant's argument does not satisfy the requirements of this standard. Although she has demonstrated the first three requirements, appellant has not shown the manner in which Mrs. Bellamy's testimony would have been helpful to her cause. Appellant has not argued that Mrs. Bellamy would have testified that appellant was with her at approximately 10:45 a.m. on the date of the robbery when a woman identified as appellant was observed at the robbery site. Nor has she argued that it would have been impossible for her to have traveled from the place where she spoke with Mrs. Bellamy to the robbery site in the time between when appellant spoke with her and the time of the robbery. It has been held that failure to call an alibi witness is not ineffective assistance of counsel where it is not determined that the witness is able to say unequivocally that the alleged perpetrator was with the witness at the precise time of the crime. *Commonwealth v. Wallace,* 347 Pa.Super. 248, 500 A.2d 816 (1985). In addition, appellant has the burden of proving allegations of ineffective assistance of counsel. *Commonwealth v. Durah-el, supra.*

We find appellant has not sustained her burden on this allegation of ineffectiveness of counsel.

■ Appellant next argues that trial counsel was ineffective for failing to object to references made by two Commonwealth witnesses to prior photographic identifications of her. At the trial, Commonwealth witness Dennis Woodring, a police officer in the criminal investigation division of the Harrisburg police department, testified that he was assigned to the investigation of the instant robbery. As part of his investigation, he assembled a photo array of sixteen photographs, including appellant's. He then had Karen Arnold, the bartender at the Paxton Pub, view the photographs. Mr. Woodring testified at trial that Ms. Arnold selected appellant's photograph "without hesitation" as the robber of the Paxton Pub. Ms. Arnold also testified at trial that she viewed a photographic array of suspects and identified appellant as the perpetrator of the robbery.

It is well established that with limited exceptions, "the prosecution may not introduce evidence of the defendant's prior criminal conduct as substantive evidence of his guilt of the present charge." *Commonwealth v. Reiss*, 301 Pa.Super. 96, 447 A.2d 259 (1982) (quoting *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972)). Appellant contends that the jury could have inferred that she had engaged in prior criminal activity on the basis of the testimony concerning the photographic array. Therefore, she contends, counsel was ineffective in failing to object to the testimony at trial relative to the photographs.

The standard for reviewing trial testimony of this type was well stated in *Commonwealth v. Krasner*, 285 Pa.Super. 389, 427 A.2d 1169 (1981):

Although it is well-settled that testimonial reference to a photograph may constitute reversible error if a jury could reasonably infer therefrom prior criminal activity on the part of the accused, *Commonwealth v. Carlos*, 462 Pa. 262, 341 A.2d 71 (1975); *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972), it is equally

well-established that not every reference to a photograph necessarily requires reversal. *Id.*

> [T]he controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. A mere passing reference to photographs from which a reasonable inference of prior criminal activity cannot properly be drawn does not invalidate the proceedings since there has been no prejudice as a result of the reference.... *Id.* 448 Pa. at 181, 292 A.2d at 375.

285 Pa.Super. at 408-09, 427 A.2d at 1178-79.

In *Krasner*, the prosecution had twice elicited testimony which revealed that a Commonwealth witness had identified the defendant in that case from a photographic array of six or seven photographs shown her by a state trooper. The court, in an *en banc* opinion, held that

> the challenged testimony did not link appellant to any specific prior criminal activity. The photographs mentioned by the two witnesses were never displayed, marked, admitted or otherwise referred to at trial, nor were they characterized as "mug shots" or as "photographs from a police file." *See Commonwealth v. Smith*, 454 Pa. 515, 314 A.2d 224 (1973). "In other words, aside from the fact that a police detective displayed the photograph, there was nothing else linking it to the police. It is highly unlikely that a juror would conclude from this alone that [appellant] had engaged in criminal conduct." *Commonwealth v. Carlos*, 462 Pa. at 266, 341 A.2d at 73. In such circumstances, "there was nothing that should reasonably suggest to a jury that the photographs were obtained by police officials as a result of the defendant's prior criminal activity." *Commonwealth v. Allen*, 448 Pa. at 182, 292 A.2d at 376.

285 Pa.Super. at 409, 427 A.2d at 1179.

Appellant has cited *Commonwealth v. Reiss*, 301 Pa.Super. 96, 447 A.2d 259 (1982), in support of her position. In *Reiss, supra*, the Superior Court held, distinguishing *Krasner*, that two references in testimony and one by the court

in summation to the photographic identification of the appellant constituted reversible error. However, the Pennsylvania Supreme Court reversed the Superior Court's decision in this case, *Commonwealth v. Reiss*, 503 Pa. 45, 468 A.2d 451 (1983), holding that the references at trial in that case to photographs did not constitute reversible error, following *Krasner*. The Supreme Court concluded that the jury could have inferred that the photographs came from a neutral source, or may not even have questioned the source of the photographs. In addition, the court found that there was no basis for concluding that the jury would infer prior criminal conduct on the defendant's part based on the number of photographs shown.

On the basis of *Krasner* and *Reiss*, we must conclude that there was no error present here in the testimony concerning appellant's photographic identification. Consequently, trial counsel was not ineffective for failing to object to the disputed testimony.

Appellant also contends on appeal that trial counsel was ineffective for failing to object to the trial court's charge to the jury. Specifically, appellant argues that the trial court failed to adequately instruct the jury regarding the Commonwealth's burden of proof and the definition of robbery.

The relevant portion of the trial court's charge to the jury is as follows:

The Defendant is charged with robbery. Robbery is to take property from someone by force or threat of force. What occurred is a classic robbery. A holdup with the gun is a robbery. You don't have to say I'll kill you if you don't give me the money. If somebody pulls a gun on you and says give me the money, why the threat is implied that they have a gun in their hand. If you don't give it to them, you don't know what might happen.

So that is a robbery. The Defense doesn't deny that a robbery occurred.

The issue, of course, is whether the Defendant is the one who committed the robbery.

.    .    .    .    .

[This] is a case of identification. No one suggests that the victim or the proprietor or [sic] are lying, but it is suggested that they could be mistaken. Well, of course, they could be. It is for you to decide. You will have to determine how they impressed you on the stand, how certain they were of their identification, what was the basis of their identification, how much time do they have to observe the Defendant ... It all depends on how you size them up, whether you believe them or not and all the things that I have just mentioned.

.    .    .    .    .

The burden, of course, is on the Commonwealth to prove the Defendant's guilt, beyond a reasonable doubt. Now I didn't say beyond all doubt. There are some jurors who would never convict anyone of anything. You have to keep the standard of reasonable doubt in its proper perspective.

.    .    .    .    .

Be realistic and practical as you evaluate the evidence. What is a reasonable doubt? I think it is a rather subjective thing. The Supreme Court favors a definition to the effect that it is the kind of doubt that would cause a careful, prudent person to hesitate in a matter of importance.

If you have a reasonable doubt, you must acquit the Defendant. If you do not, it is your duty to convict her.

■ While appellant has alleged that the charge to the jury is deficient, she has failed to provide any specific allegations of that deficiency. The trial court's charge to the jury in a criminal prosecution will be upheld if it adequately and accurately reflects the law and is sufficient to guide the jury properly in its deliberations. *Commonwealth v. Person*, 345 Pa.Super. 341, 498 A.2d 432 (1985). The charge to the jury herein fully complied with this standard. Therefore, trial counsel was not ineffective for failing to object to this charge.

■ Appellant also claims on appeal that trial counsel was ineffective for failing to request a line-up for identification purposes subsequent to her arrest. Appellant argues that she was clearly prejudiced by trial counsel's ineffectiveness in that she was not identified by at least one of the Commonwealth witnesses through a photographic array until the date of the preliminary hearing. She contends that trial counsel "should have taken all reasonable steps necessary to ameliorate the suggestiveness of the pre-hearing confrontation and implication by seeking a [sic] objective line-up prior to the preliminary hearing."

In Pennsylvania, a defendant does not have a right to a pre-trial line-up. *Commonwealth v. Walker*, 275 Pa.Super. 311, 418 A.2d 737 (1980). Although appellant cites *Commonwealth v. Sexton*, 485 Pa. 17, 400 A.2d 1289 (1979), in support of her position, that case holds only that where the identification of the perpetrator of a crime is legitimately at issue, a timely request for a pre-trial or pre-hearing identification procedure should be granted. *Id.*, 485 Pa. at 25, 400 A.2d at 1293. No such motion was made in the instant case. Nor was there any requirement that counsel make such a request. *See Commonwealth v. Walker, supra.* Accordingly, appellant's claim of ineffectiveness lacks even arguable merit.

■ Appellant's final claim on appeal is that the lower court erred in failing to grant an evidentiary hearing on her allegations of ineffective assistance of counsel. The right to an evidentiary hearing on a PCHA appeal is provided for by statute. A hearing on a petition is required if a petition "alleges facts that, if proven, would entitle the petitioner to relief...." 42 Pa.C.S.A. § 9549(a). Although the right to an evidentiary hearing is not absolute, a hearing should be held on any issue which the PCHA court is not certain lacks merit. *Commonwealth v. Heck*, 321 Pa.Super. 66, 467 A.2d 896 (1983). As the above discussion indicates, we have found all of appellant's claims of ineffectiveness of counsel to be lacking in merit. Thus, the lower court did not err in failing to grant an evidentiary hearing.

Having addressed all of appellant's contentions, we affirm the order of the lower court dismissing appellant's PCHA petition.

ORDER AFFIRMED.