J-S47033-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA,  :  IN THE SUPERIOR COURT OF
                                :        PENNSYLVANIA
                    Appellee    :
                                :
              v.                :
                                :
JAMES CUBBINS,                  :
                                :
                    Appellant   :        No. 96 WDA 2018

Appeal from the PCRA Order December 15, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003993-2013

BEFORE:    OLSON, J., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            FILED APRIL 15, 2019

James Cubbins (Appellant) appeals from the order entered on December 15, 2017, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On March 28, 2014, a jury convicted Appellant of rape by forcible compulsion, unlawful contact with a minor, and corruption of minors. A prior panel of this Court set forth the relevant underlying facts as follows.

> The victim, [J.B.], testified that she had known [Appellant] since July 2010, as he was a contractor who worked with her father[, S.B.]. In 2012, while she was fifteen years old, due to family circumstances, [the victim] was residing with her father and [Appellant] in an apartment. [The victim] stated that one day in July, after she returned home from her summer job, she was watching TV in her room when [Appellant] entered the room. She stated that he was "drunk as usual," sat down on her bed, and asked her if she wanted to have sex. She declined. [The victim] testified that he got on top of

_____

*Retired Senior Judge assigned to the Superior Court.

her, forced her legs open, took off her pants and underwear and raped her. She disclosed the rape to her boyfriend, on February 13, 2013, at a point when [Appellant] was not residing in the apartment, and he[r boyfriend] encouraged her to tell her father what had happened. She told her father the following day, and he promptly took her to the police....

Trial Court Opinion, 1/26/[20]15, at 3 (citations omitted).

[Appellant] was arrested and charged with the above-mentioned crimes. The case proceeded to a jury trial in March 2014. The jury found [Appellant] guilty of all of the crimes. The trial court sentenced [Appellant] to ten to twenty years in prison on the rape conviction, a consecutive probation term of three years on the unlawful contact with a minor conviction, and no further penalty for the corruption of minors conviction. [Appellant] was also required to register as a sexual offender for life.

Commonwealth v. Cubbins, 133 A.3d 82 (Pa. Super. 2015) (unpublished memorandum at 1-2) (some brackets omitted). Appellant filed a direct appeal to this Court. On September 29, 2015, we affirmed Appellant's judgment of sentence, and on June 1, 2016, our Supreme Court denied his petition for allowance of appeal. Id., appeal denied, 140 A.3d 11 (Pa. 2016).

On October 6, 2016, Appellant timely filed a pro se PCRA petition, and the PCRA court appointed counsel on October 13, 2016. On December 16, 2016, Appellant filed an amended PCRA petition, and after obtaining leave of court, filed a second amended petition on April 28, 2017. In that petition, Appellant claimed trial counsel rendered ineffective assistance by failing to call any alibi and character witnesses to testify on Appellant's behalf at trial, and

also claimed that he was serving an illegal sentence pursuant to Alleyne v. United States, 570 U.S. 99, 102 (2013) (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt"). Attached to the second amended petition were affidavits from Rhonda Rowland, Appellant's aunt; Lisa Davis, Appellant's sister; Robert Davis, Appellant's brother-in-law; and David Manna and Raymond Gorby, Appellant's friends, all of whom claimed they had been willing and available to testify regarding Appellant's whereabouts on certain dates in July 2012 or his reputation in the community for being chaste.

On September 22, 2017, the PCRA court held a hearing. At the hearing, six witnesses testified: Appellant, Rowland, Lisa, Manna, Gorby, and Erin Melegari, a paralegal who had worked with Appellant's trial counsel.[1] Following briefing by the parties, on December 15, 2017, the PCRA court determined that Appellant's ineffective assistance of counsel claims did not entitle him to relief, but agreed that his Alleyne claim required a resentencing hearing. Order, 12/15/2017.

On January 10, 2018, Appellant timely filed an appeal to this Court. The PCRA court directed Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), and Appellant complied on February 5, 2018. Therein,

---

[1] Appellant's trial counsel died prior to the PCRA hearing. N.T., 9/22/2017, at 89.

- 3 -

Appellant raised challenges relating to the first two ineffective assistance of counsel issues in his second amended PCRA petition, but not the resentencing issue. Meanwhile, the lower court scheduled a resentencing hearing on March 1, 2018. At that hearing, the trial court declined to resentence Appellant due to his pending appeal. Shortly thereafter, the trial court issued an order, which requested that this Court remand this case to allow the trial court to resentence Appellant; Appellant filed an emergency motion for stay of his appeal, citing the same reason as the trial court. On August 2, 2018, we denied the motion. See Commonwealth v. Grove, 170 A.3d 1127, 1138 (Pa. Super. 2017) (holding that "the PCRA court's order granting relief with regard to sentencing and denying all other claims … was a final appealable order"). Thereafter, we directed the PCRA court to file a Rule 1925(a) opinion and the parties to file new briefs. The PCRA court and the parties so complied.

On appeal, Appellant presents two claims for our review. On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record. Commonwealth v. Orlando, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). "A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." Id. (citation omitted).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

Because Appellant's claims assert ineffectiveness of trial counsel, we bear in mind the following. We presume counsel is effective. Commonwealth v. Washington, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the [appellant] from counsel's act or omission." Commonwealth v. Johnson, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "[A petitioner] establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A claim will be denied if the petitioner fails to meet any one of these requirements. Commonwealth v. Springer, 961 A.2d 1262, 1267 (Pa. Super. 2008).

Appellant first contends that trial counsel was ineffective in failing to present alibi and character witnesses. Appellant's Brief at 3. Specifically, Appellant claims that trial counsel had information relating to Appellant's whereabouts on certain dates in July 2012, from Rowland, Lisa, Manna, and Gorby, but failed to investigate that information or prepare any of them to testify at trial regarding Appellant's location or his reputation in the community for being chaste and appropriate around children. Id. at 7, 10-18. Appellant further claims that trial counsel was ineffective for failing to file a notice of intent to offer an alibi defense pursuant to Pa.R.Crim.P. 567. Id. at 14-15.

In cases involving the failure to call a potential witness, a petitioner satisfies the underlying-merit and prejudice prong

> by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial…. To demonstrate [] prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not per se ineffective assistance of counsel for such decision usually involves matters of trial strategy.

Commonwealth v. Matias, 63 A.3d 807, 810-11 (Pa. Super. 2013) (en banc) (internal quotation marks and citations omitted). Furthermore, while it is unfortunate that trial counsel died prior to the PCRA hearing, it does not

relieve Appellant of his burden to prove trial counsel was ineffective. Commonwealth v. Simpson, 112 A.3d 1194, 1197 (Pa. 2015) (stating that where "trial counsel is deceased, and, thus, unavailable to testify, the petitioner's burden of establishing a claim of ineffective assistance of counsel is not lessened or reduced") (citation omitted).

In considering Appellant's claim of ineffective assistance of counsel for failing to call witnesses, the PCRA court found the following.

> At trial, counsel did not present a defense based on alibi but instead argued that the victim falsely accused Appellant in response to Appellant['s] threatening to evict her and her father from Appellant's residence. It is clear that trial counsel investigated an alibi defense but chose not to pursue it. He obtained the victim's work schedule for the summer of 2012[,] and wrote notes on it indicating Appellant's location on various days. At the preliminary hearing, the victim testified that the incident probably occurred in summer 2012, and on cross-examination by Appellant's counsel at that time (Ronald Hayward),[2] the victim narrowed her testimony to July.[3] Based on the victim's preliminary hearing testimony that the incident occurred after she left work around 7:00 p.m., [trial] counsel was able to focus on five days in July when she left work around 7:00 p.m.[: July 5, 13, 16, 24 and 30]. He then consulted with his paralegal regarding alibi witnesses for those five days. [N.T., 9/22/2017, at 64-66.]

_____

[2] Appellant's counsel during the preliminary hearing was not trial counsel, and counsel at the preliminary hearing is not the subject of an ineffectiveness claim.

[3] Hayward asked the victim if she remembered telling the police that the incident happened in July and the witness stated that she did. She then stated again that the incident happened in July 2012.

One may reasonably conclude that as an experienced attorney[, trial counsel] chose not to pursue an alibi defense, at least in part, due to the difficulty in obtaining competent and persuasive testimony regarding Appellant's location during the relevant time period nearly two years earlier.[4] If cross-examined at trial on [the victim's] work schedule, a diligent and prepared attorney could reasonably anticipate that the victim might correct her testimony to indicate that the incident may have occurred in June or August instead, especially given her initial reluctance to state with specificity a month in the summer of 2012 when this incident occurred.

_____

[4] The incident in question occurred in the summer of 2012 and the trial began on March 26, 2014.

Furthermore, trial counsel may have considered the alibi witnesses and deemed them not to be credible. For example, [Rowland] testified at the PCRA hearing that Appellant remodeled her bathroom for five days that July, yet Appellant testified at the PCRA hearing it was a three-day job. [N.T., 9/22/2017, at 40, 140.] Additionally, the victim's work timesheet did not correspond to any of the dates Appellant claimed to have been at Rowland's residence (the 5th, 13th or 16th of July 2012).[2] [N.T., 9/22/2017, at 75.] In fact, the handwritten notes on the timesheet written at a time closer to the underlying incident indicate Appellant was at two different locations on July 13, 2012 and July 16, 2012, when he was supposedly working on Rowland's bathroom. Likewise, witness Lisa Davis, Appellant's sister, testified at the PCRA hearing that she had a two-day business trip into Pittsburgh in July 2012, but the handwritten notes from alibi witnesses on the victim's timesheet indicate the trip was for four

_____

[2] To the extent Appellant argues that the PCRA court erred in so stating, see Appellant's Brief at 11-12, we observe that the handwritten notes on the victim's timesheet contain no indication that Appellant worked at Rowland's home on any date. In fact, the timesheet notes indicate that on July 13, Appellant worked until 6:30 p.m. in Oakwood Heights, and on July 16, he worked until 6:00 p.m. in Fox Chapel with the victim's brother. Id. at App. H. Rowland lives about 1½ hours away in Strothers, Ohio, and did not live in Oakwood Heights or Fox Chapel. N.T., 9/22/2017, at 137-38; see also Second Amended PCRA Petition, 4/28/2017, at Exh. B.

days. [N.T., 9/22/2017, at 81, 116, Exh. A.] Even with the benefit of hindsight, and the trial transcript, the alibi[-]witness testimony proffered at the PCRA hearing was inconsistent and not supported by corroborating evidence and it did not cover each of the July dates when the victim worked until 7:00.

Furthermore, the strength of alibi testimony provided by a sister and an aunt is another factor counsel would have considered in making his decision. "[T]he credibility of [a] witness would be seriously questioned by a jury due to the nature of the relationship between appellant and the witness." Commonwealth v. Hoffman, 589 A.2d 737, 746 (Pa. Super. 1991). The Hoffman court noted, "Defense counsel's decision not to call witnesses cannot be faulted when their testimony could be easily subverted." Id. Given the number of days for which Appellant would need to account, and the apparent differences between the trial attorney's handwritten notes of alibi testimony and the PCRA testimony, the decision not to call alibi witnesses was not an unreasonable one. It is clear that trial counsel did investigate, obtain timesheets and interview witnesses before deciding not to pursue an alibi defense.

PCRA Court Opinion, 9/21/2018, at 4-6 (unnecessary capitalization omitted; some paragraph breaks supplied).

We agree with the sound reasoning of the PCRA court. As the PCRA court found and as is supported in the record, trial counsel's strategy was to argue that the victim falsely accused Appellant because Appellant had threatened to evict her and her father from Appellant's home. Id. at 4; N.T., 3/26-28/2014, at 52-54 (trial counsel's stating repeatedly during opening statement that the victim falsely accused Appellant), 165 (trial counsel's eliciting testimony from the victim that she and her father had nowhere else to live and could not afford another place), 166-68 (trial counsel's questioning

the victim about the timing of her rape accusation with respect to her knowing she was going to be evicted on February 15, and her reporting the incident on February 14), 304-07 (trial counsel's examining the victim's father about eviction from Appellant's residence), 357 (trial counsel's examining a detective about whether the victim had reported to him the victim's possible eviction), 420 (trial counsel's questioning Appellant's sister regarding her telling the victim and the victim's father they had to move out of Appellant's residence), 484-85 (trial counsel's arguing during closing argument that the victim lied about being raped by Appellant because she was afraid of being evicted).

Trial counsel's decision to pursue this theory of the case, instead of an alibi defense, was reasonable, particularly where the exact date of the incident was unknown. The record shows that trial counsel did investigate alibi witnesses and Appellant's whereabouts, but the witnesses could not establish conclusively an alibi for all potential dates. Because of time gaps and witness inconsistencies, it was reasonable for trial counsel not to call any alibi witnesses. See Commonwealth v. Early, 546 A2d 1236, 1238 (Pa. Super. 1988) (stating "failure to call an alibi witness is not ineffective assistance of counsel where it is not determined that the witness is able to say unequivocally that the alleged perpetrator was with the witness at the precise time of the crime"). Accordingly, Appellant fails to prove the second prong of the test.

See Johnson, 966 A.2d at 533; see also Commonwealth v. Thomas, 44 A.3d 12, 22 (Pa. 2012) ("Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests.") (citations and internal quotation marks omitted).

Appellant further claims that trial counsel was ineffective for failing to call character witnesses regarding his reputation in the community for being chaste and acting appropriately around children. Appellant's Brief at 16-18. Appellant admitted at the PCRA hearing that he had discussed with trial counsel the strategic decision not to call character witnesses, and that trial counsel had cautioned him that if he did so, evidence of Appellant's prior criminal activity may have been introduced at trial. N.T., 9/22/2017, at 52. In addition, Gorby was unable to testify at the PCRA hearing as to Appellant's reputation for chastity in the community. Id. at 17. Lisa was also questioned, but her assessment of Appellant's reputation in the community of Pittsburgh was limited because she lives in Indianapolis. See id. at 82, 110-13, 121-25.

In considering this issue, the PCRA court determined that

trial counsel's failure to call character witnesses was not error. Pa.R.E. 404(a)(2)(A) states, "[A] defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Pa.R.E. 404 (a)(2)(A). The official comments to the rule notes that:

> In a sexual abuse case, the defendant's reputation for chastity in the community is relevant and admissible. However, 'testimony to [defendant's] specific acts in behaving appropriately around children in their family is not proper character evidence as to his general reputation for chastity in the community[.]' Commonwealth v. Johnson, 27 A.3d 244, 249-250 (Pa. Super. 2011).

Pa.R.E. 404 (a)(2)(A), Comment.

> ... Davis was the only witness who testified at the PCRA hearing regarding Appellant's reputation in the community for chastity. Davis testified that she lives out of state and only visits occasionally, which would make it difficult for her to assess Appellant's reputation in the community of Pittsburgh. [The PCRA court] found that Davis, Appellant's sister who resides out of state, would not be able to provide relevant character witness testimony, and as a result, trial counsel was not ineffective for failing to call her at trial. Davis' testimony would more properly be deemed opinion, and not character testimony. "Pennsylvania law generally limits proof of character evidence to a person's reputation, and opinion evidence cannot be used to prove character." Commonwealth v. Reyes-Rodriguez, 111 A.3d 775, 781 (Pa. Super. 2015) (en banc) (citing Pa.R.E. 405(a)).

PCRA Court Opinion, 9/21/2018, at 6-7 (footnote and citation to the record omitted).

With respect to the PCRA court's conclusion regarding Lisa's testimony, we discern no error or abuse of discretion. In addition, we point out that the trial court and trial counsel conducted an extensive colloquy with Appellant at trial regarding his decision not to testify or call character witnesses, and that Appellant responded several times that he did not want to call any character witnesses. N.T., 3/26-28/2014, at 390-401; see also N.T., 9/22/2017, at

47, 51. Appellant knew trial counsel had character witnesses present at trial that day, ready and willing to testify, but Appellant confirmed that he did not want to call them. Appellant further stated that he understood he could risk opening the door to his prior criminal convictions if he decided to call character witnesses. Id. at 396-400. Thus, based on Appellant's representations at trial, Appellant's contention that trial counsel was ineffective for not calling character witnesses lacks arguable merit and his ineffectiveness claim fails. See Commonwealth v. Pander, 100 A.3d 626, 642 (Pa. Super. 2014) (concluding claim that counsel was ineffective in failing to call alibi witnesses lacked arguable merit where the trial court conducted a colloquy of Pander regarding whether he agreed with the decision not to proffer those witnesses), citing Commonwealth v. Rios, 920 A.2d 790 (Pa. 2007) and Commonwealth v. Paddy, 800 A.2d 294 (Pa. 2002). See also Johnson, 966 A.2d at 533.

Appellant next claims that the PCRA court erred in denying his claim of ineffective assistance of counsel based on trial counsel's cumulative errors. Appellant's Brief at 3. He argues that, in addition to trial counsel's failing to call witnesses, trial counsel's "antics" at trial amounted to ineffective assistance. Id. at 22. Specifically, Appellant alleges trial counsel

> gave a rambling and nonsensical opening, repeatedly asserted
> inappropriate objections, feigned 'difficulty' hearing, constantly
> interrupted the proceedings, aggressively dealt with witnesses as
> well as the Commonwealth and [t]rial [c]ourt, failed to explore or

appropriately file any relevant motions, failed to adequately prepare for the incarceration issue on cross examination[,] and gave an equally rambling and nonsensical closing.

Id.

We observe that

[i]t is well-settled that no number of failed ineffectiveness claims may collectively warrant relief if they fail to do so individually. Accordingly, where ineffectiveness claims are rejected for lack of arguable merit, there is no basis for an accumulation claim. When the failure of individual claims is grounded in lack of prejudice, however, then the cumulative prejudice from those individual claims may properly be assessed.

Commonwealth v. Smith, 181 A.3d 1168, 1187 (Pa. Super. 2018) (citations

and quotation marks omitted).

In addressing these claims of error, the PCRA court determined as

follows.

Appellant [] failed to establish that any objection or request for mistrial lacked arguable merit or a reasonable basis. Appellant's allegation of error in trial counsel's failure to seek a curative instruction following testimony that Appellant was in jail at one point could easily be defended as a reasonable trial strategy of not wanting to emphasize unfavorable testimony. Each of the allegations of error regarding trial counsel's difficulty hearing, or his related movements around the courtroom during testimony, do[es] not have arguable merit. Ultimately, [the PCRA court] observed no indication that counsel's purported difficulty hearing or his movements within the courtroom affected the trial or prejudiced Appellant at all. Therefore, [the PCRA court] cannot consider the third prong of prejudice in these examples and similar instances of error alleged by Appellant. Appellant's claim of cumulative prejudice is without merit.

PCRA Court Opinion, 9/21/2018, at 8.

After a thorough PCRA evidentiary hearing, at which Appellant presented six witnesses and whose testimony spans 200 pages, the judge, who was the same judge who presided at Appellant's trial, reached the conclusion that Appellant was not entitled to relief on his cumulative error claim. As discussed supra, we rejected Appellant's claim of ineffectiveness in failing to call witnesses because trial counsel had a reasonable basis for doing so, not based on a lack of prejudice to Appellant. Thus, there can be no aggregation of prejudice with this claim. See Smith, 181 A.3d at 1187. In addition, Appellant's claim that trial counsel was ineffective in failing to file timely motions in limine fails because the parties and the trial court reached an agreement on the motions prior to the start of trial, and thus, trial counsel withdrew them. See N.T., 3/26-28/2014, at 3-14.

Moreover, Appellant's claim that trial counsel "failed to adequately prepare for the incarceration issue on cross examination" also fails. See Appellant's Brief at 22. By way of background, prior to trial, the Commonwealth sought to question the victim about her delayed report to police and anticipated the victim would testify that she did not feel safe reporting until after Appellant had been incarcerated on different charges. See N.T., 3/26-28/2014, at 4-5. The parties and the trial court agreed that Appellant's incarceration at the time the victim reported the incident would not be admissible at trial. Id. at 3-14. Subsequently, during trial counsel's

cross examination of the detective to whom the victim reported, the detective referenced Appellant's incarceration in response to trial counsel's questioning regarding the victim's fear of Appellant and her delay in reporting the rape.[3] Id. at 359-61. Before the detective could finish his answer, trial counsel objected immediately and moved for a mistrial. Id. at 361. In his direct appeal, Appellant claimed the trial court erred in not granting this motion for mistrial. See Cubbins, supra. This Court disagreed, finding that because Appellant's trial counsel had elicited the detective's testimony, Appellant assumed the risk and could not benefit on appeal when the cross examination had elicited an unwelcome response. Id.

Appellant now claims that trial counsel lacked "preparation to avoid mention of the incarceration" and the "wherewithal to request cautionary instruction, which was prejudicial to Appellant." Appellant's Brief at 25. Trial counsel sought to raise an inference of reasonable doubt by challenging the thoroughness of the detective's investigation and timing of the victim's report. As discussed supra, trial counsel's theory of the case was that the victim falsely accused Appellant in retaliation for her and her father's eviction from the residence. As such, trial counsel had a reasonable basis for asking the

---

[3] The detective stated, "Through my investigation, I had found that she was afraid of him because they lived together. ...Because of the fact that he was no longer in the residence, because he was in Allegheny County Jail --," at which point trial counsel objected and moved for a mistrial. N.T., 3/26-28/2014, at 361.

detective why the victim reported she was afraid of Appellant. Thus, we discern no basis upon which to conclude that had trial counsel prepared more, he would not have elicited this testimony. However, it is apparent from the record that trial counsel could have asked for a curative instruction, but failed to do so. Although Appellant does not argue ineffective assistance of counsel on this basis, even if he did, he would not be entitled to relief. The detective's reference to Appellant's incarceration was very brief, it did not mention an offense, trial counsel interrupted the witness's answer, trial counsel instantly objected and moved for a mistrial, and the trial court immediately held a sidebar with the parties. We do not find that this brief, general reference was "likely to cause a jury to be so incensed as to lose sight of the ultimate question before" it. See Commonwealth v. Morris, 519 A.2d 374, 378 (Pa. 1986). Under these circumstances, we conclude that Appellant has not shown that there is a reasonable probability that, but for counsel's failure, the result of the proceeding would have been different. See Johnson, 966 A.2d at 533.

Finally, we agree with the PCRA court's finding that Appellant's remaining claims of error lack arguable merit. While Appellant may wish in hindsight that his counsel had been more concise in his opening statement and closing argument, had made fewer objections, had employed a less aggressive style at trial, or had moved about the courtroom differently, none of the matters of which he complains individually has arguable merit. As we

have held, "no number of failed ineffectiveness claims may collectively warrant relief if they fail to do so individually." Thus, they cannot form the basis of an accumulation claim. Smith, supra.

Based on the foregoing, we discern no error in the PCRA court's decision to deny Appellant relief on his ineffective assistance of counsel claims. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2019