J-S53022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRACEY  THOMAS | |
| Appellant | No. 187 EDA 2019 |

Appeal from the PCRA Order entered December 17, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011791-2010

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 31, 2019**

Appellant, Tracey Thomas, appeals from the December 17, 2018 order entered in the Philadelphia County Court of Common Pleas, denying his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends the PCRA court erred by denying his requested relief without an evidentiary hearing and by failing to find trial counsel ineffective.  Finding no abuse of discretion or error of law in the PCRA court's ruling, we affirm.

On direct appeal, this Court summarized the factual background of his case as follows:

> At approximately 9:00 pm on July 14, 2010, the victim, Donald Odom, was drinking at the Crab House Bar in Philadelphia.  While Mr. Odom was seated at the bar, Appellant approached him, brandished a gun, and demanded Mr. Odom's wallet.  Appellant took Mr. Odom's money, keys, and cellular telephone.

After the incident, Mr. Odom reported the robbery to the police and identified Appellant from a photographic array of eight individuals. Mr. Odom signed a police statement confirming that he selected Appellant's image from the array of photographs. However, at Appellant's preliminary hearing, Mr. Odom failed to identify Appellant as the robber. During that proceeding, Mr. Odom further claimed that he did not have a very good chance to see the assailant and that he was inebriated when he signed the police statement. Nevertheless, during the ensuing trial, Mr. Odom again identified Appellant, who was present in court, as his assailant.

*Commonwealth v. Thomas*, No 335 EDA 2013, unpublished memorandum at 1-2 (Pa. Super. filed November 19, 2014) (citations to notes of trial testimony omitted).

As the PCRA court explained:

On April 12, 2012, a jury sitting before the Honorable Adam Beloff convicted [Appellant] of robbery, carrying an unlicensed firearm in Philadelphia ("VUFA § 6106"), carrying firearms in public in Philadelphia ("VUFA § 6108"), and possession of an instrument of crime ("PIC"). On August 29, 2012, Judge Beloff sentenced [Appellant] to an aggregate term of eighteen and one-half to thirty seven years incarceration, which constitutes the statutory maximum punishment for each of the four offenses. Specifically, [Appellant] was sentenced to 10 to 20 years incarceration on the charge of robbery, 3½ to 7 years incarceration on the charge of VUFA § 6106, 2½ to 5 years incarceration on the charge of VUFA § 6108, and 2½ to 5 years incarceration on the charge of PIC to each run consecutively.

On September 7, 2012, [Appellant] filed post-sentence motions, which were denied by operation of law on January 17, 2013. On January 31, 2013, [Appellant] filed a notice of appeal. On November 19, 2014, the Superior Court affirmed [Appellant's] judgment of sentence. On December 14, 2014, [Appellant] filed a petition for allocatur to the Pennsylvania Supreme Court, which was denied on June 3, 2015.

On October 30, 2015, [Appellant] filed his first timely PCRA petition. On May 6, 2018, [Appellant] filed an amended PCRA petition. On November 15, 2018, the Commonwealth filed a motion to dismiss. On November 15, 2018, after a review of the documents, the court sent [Appellant] a 907 notice of intent to dismiss based upon lack of merit. On December 17, 2018, having received no response from [Appellant] to the 907 notice, this court dismissed [Appellant's] petition for lack of merit. On January 16, 2019, [Appellant] filed his notice of appeal.[1]

PCRA Court Opinion, 3/28/19, at 2-3 (some capitalization omitted).[2]

Appellant asks us to consider two issues in this appeal:

I.    Whether the court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness?

II.   Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief at 8.

In **Commonwealth v. Mason**, 130 A.3d 601 (Pa. 2015), our Supreme

Court reiterated:

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Hanible**, 612 Pa. 183, 204, 30 A.3d 426, 438 (2011) (citing **Commonwealth v. Colavita**, 606 Pa. 1, 21, 993 A.2d 874, 886 (2010)). We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. **Id.** With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the

_____

[1] The PCRA court did not order the filing of a Rule 1925(b) statement.

[2] We note that Judge Beloff is deceased and was not involved in any proceedings subsequent to the sentencing hearing.

> PCRA court and will not be overturned absent an abuse of discretion. ***See Commonwealth v. Reid***, 627 Pa. 151, 99 A.3d 470, 485 (2014). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Roney***, 622 Pa. 1, 16, 79 A.3d 595, 603 (2013).

***Id.*** at 617.

In his first issue, Appellant contends the PCRA court erred in not granting an evidentiary hearing. As reflected above, the denial of a request for a hearing will not be overturned absent an abuse of discretion. As this Court explained in ***Commonwealth v. Hart***, 199 A.3d 475 (Pa. Super. 2018), if the PCRA court denies a petition without an evidentiary hearing, we must determine whether the court erred by concluding there were no genuine issues of material facts that required a hearing. ***Id.*** at 481. If there are no disputed factual issues, an evidentiary hearing is not required. ***Id.*** (citing ***Commonwealth v. Morris***, 684 A.2d 1037, 1042 (Pa. 1997)).

Appellant cites ***Commonwealth v. Barbosa***, 819 A.2d 81 (Pa. Super. 2003), in support of his contention that a court may not summarily dismiss a PCRA petition when the facts alleged in the petition, if proven, would entitle an appellant to relief. Appellant's Brief at 14-15. However, Appellant has taken that statement out of context and ignores the language that immediately precedes it, *i.e.*, "If the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Barbosa***, 819 A.2d at 85 (citing, *inter alia*, Pa.R.Crim.P. 907(1)). In other

words, when there are genuine issues of material fact, the court should not summarily dismiss the petition if those disputed facts—proven in an appellant's favor—would entitle the appellant to relief. However, Appellant has not identified any genuine issues of material fact that would warrant an evidentiary hearing.

Appellant also cites **Commonwealth v. Early**, 546 A.2d 1236, 1240 (Pa. Super. 1983), for the proposition that a hearing "should be held on any issue that the PCRA Court is not certain lacks merit." Appellant's Brief at 15. Again, however, Appellant fails to appreciate the context in which the statement was made in **Early**. Just as in **Barbosa**, the Court was recognizing that a hearing is required if there are genuine issues of material fact and the PCRA court cannot conclusively determine that those genuine issues lack merit.

Here, Appellant has not identified anything in the PCRA court's ruling that reflects any level of uncertainty in that court's disposition of Appellant's claims. And, again, Appellant has not identified any genuine issues of material fact that necessitate an evidentiary hearing. Instead, Appellant simply argues an evidentiary hearing was necessary so Appellant could "demonstrate [the] manifest injustice" resulting from trial counsel's "fail[ure] to object to the judge using unadjudicated offenses which resulted in an increased sentence outside the guidelines[.]" Appellant's Brief at 15.

Our review of the sentencing transcript fails to reveal any reference by the sentencing court to "unadjudicated offenses." Although the prosecutor referred to Appellant's juvenile history,[3] the court did not make any specific reference to Appellant's juvenile history. Rather, on one occasion, the court mentioned Appellant's "related cases." Specifically, the court stated:

> I've considered your background, as I've said; your character; rehabilitation needs, the nature and circumstances; the seriousness of this crime; **the number of related cases**; your caretaking responsibility for a child that is being raised by the child's grandmother, maternal grandmother; the need to protect the community; the harm here and severity; the risk of you committing another crime, and I think that this risk is high; and the degree a lesser sentence would depreciate the seriousness of the crime.

Notes of Testimony, Sentencing, 8/29/12, at 23 (emphasis added).

_____

[3] Addressing the court, the prosecutor stated:

> He is 22 years of age. He sits before you having been a criminal for the past ten years. He had his first juvenile arrest at the age of 12.
>
> And something struck me as I sat here and read his presentence investigation. As a juvenile he had eight arrests, three adjudications of delinquencies, seven commitments.
>
> Was he given an opportunity to rehabilitate? Yes. Seven times. Did any of that help? Absolutely not. Because two weeks after being discharged from a juvenile commitment, he picked up his first adult arrest. Two weeks. That did nothing for him. That did nothing for him.

Notes of Testimony, Sentencing, 8/29/12, at 10.

Appellant suggests, without substantiation, that the sentencing court's passing reference to "related cases" was a reference to Appellant's past juvenile record. The PCRA court posited that "the related cases could also be any of the three adult arrests for violent offenses that [Appellant] incurred." PCRA Court Opinion, 3/28/19, at 7. As the court noted, as an adult Appellant had been "arrested for aggravated assault and related crimes, robbery and related crimes, as well as assault and recklessly endangering another person in a domestic incident for punching his child's mother with a closed fist in front of his child." *Id.*

Regardless, the sentencing court was required to consider Appellant's juvenile record when determining his prior record score, which the parties agreed was a prior record score of one. Notes of Testimony, Sentencing, 8/29/12, at 2. As the PCRA court recognized, "Juvenile adjudications are admissible for the purpose of the presentence investigation and report after a defendant was convicted of a crime, which was the case here." *Id.* at 7 (citing 42 Pa.C.S.A. 6354(b)(1)). "Further, a sentencing court is required to examine a defendant's juvenile record when crafting an appropriate sentence." *Commonwealth v. Lilley*, 978 A.2d 995, 1000 (Pa. Super. 2009). "[A] child who continues his pattern of serious and violent anti-social activity into adulthood, should not receive the benefit of a cloak of immunity regarding that behavior, when it is relevant to predicting future behavior and the public

safety is at risk." **Id.** (quoting **Commonwealth v. Smith**, 481 A.2d 1365, 1366 (Pa. Super. 1984)).

The convictions at issue in this case stem from events that occurred on July 14, 2010, four days before Appellant's 20th birthday. According to the prosecutor, in addition to Appellant's prior adult cases, Appellant had a juvenile record dating back to when he was twelve years old. **See** n. 3, *supra*. The court properly considered the presentence investigation report, which reflected Appellant's juvenile record, in satisfying its requirement to consider "the protection of the public, the gravity of the offense as it related to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" when fashioning a sentence. 42 Pa.C.S.A. § 9721(b).[4] Therefore, even if the sentencing judge was referring to Appellant's juvenile record when he mentioned Appellant's "related cases," there was no error in doing so.

Based on our review of the record, we conclude there were no factual issues necessitating an evidentiary hearing in this case. The only possible question of fact at issue would be the meaning of the sentencing court's use of the phrase "related cases" during the sentencing hearing. However, based on our review of the sentencing transcript, we cannot see how the meaning of

---

[4] At Appellant's sentencing, Judge Beloff expressly mentioned that he considered "the presentence report that highlights your past." Notes of Testimony, Sentencing, 8/29/12, at 22.

- 8 -

the phrase could raise a genuine issue of material fact. Moreover, in light of the sentencing judge's demise, a hearing would serve no purpose because it could not establish the meaning of his words. Regardless, it is clear the sentencing court considered all relevant factors when formulating Appellant's sentence, including Appellant's juvenile record as set forth in the presentence investigation report. Therefore, reference to and consideration of Appellant's entire record was appropriate.

Based on our review, we conclude the PCRA court did not abuse its discretion by denying Appellant's requested relief without an evidentiary hearing. Appellant's first issue fails for lack of merit.

Appellant next claims the PCRA court erred in not finding trial counsel ineffective "for failing to object to the judge using unadjudicated offenses" when imposing Appellant's sentence. Appellant's Brief at 17. As our above discussion establishes, the sentencing court properly considered all factors when imposing Appellant's sentence.[5]

In **Commonwealth v. Spotz**, 896 A.2d 1191 (Pa. 2006), our Supreme Court explained:

> To demonstrate ineffective assistance of counsel, a PCRA petitioner must show: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the

---

[5] We note that this Court rejected Appellant's assertion on direct appeal that the court imposed an unreasonable and excessive sentence. **See Commonwealth v. Thomas**, No 335 EDA 2013, **supra** 22-32.

outcome of the proceedings would have been different. ***Commonwealth v. Pierce***, 567 Pa. 186, 786 A.2d 203, 213 (2001). Counsel will not be deemed ineffective for failing to raise a meritless claim. ***Commonwealh v. Tilley***, 566 Pa. 312, 780 A.2d 649 (2001).

***Id.*** at 1209-10. Because there is no merit to Appellant's argument regarding the sentencing court's reference to or consideration of "related cases," counsel cannot be deemed ineffective for failing to object. Therefore, Appellant's second issue fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/19